IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH DURSMA, | ) | No. C 10-01038 JW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; DIRECTING |
| | ) | DEFENDANTS TO FILE |
| v. | ) | DISPOSITIVE MOTION OR NOTICE |
| | ) | REGARDING SUCH MOTION; |
| | ) | INSTRUCTIONS TO CLERK |
| RANDY SID, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, an inmate at the Mule Creek State Prison in Ione, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement while incarcerated at Salina Valley State Prison ("SVSP"). Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order. The Court will conduct its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.     Plaintiff's Claim

Plaintiff claims that on October 9, 2007, he was placed on "suicide watch" after a failed suicide attempt.  (Compl. 3.)  Plaintiff alleges that defendant Nurse Leslie told custody staff that plaintiff should be put on "contraband watch" because he had swallowed pieces of a manila envelope in his suicide attempt.  (Id.)  As required under "contraband watch," plaintiff was placed in leg irons and wait restraints for six days, *i.e.*, from October 10, 2007, through October 16, 2007.  (Id.)  Plaintiff alleges that the waist restraints are connected by a padlock located at the center of his lower back, precisely at the spot where he had reconstructive spinal surgery some thirteen months earlier.  (Id. at 3A.)  Plaintiff claims that he was in constant and severe pain throughout the six days that he was in restraints.  (Id.)  Plaintiff claims that at various times during the six days, X-rays were ordered by defendant Dr. Randy Sid, at the request of unidentified correctional staff, to locate the parts of the manila envelopes that plaintiff had swallowed.  (Id.)  Plaintiff alleges that each time he saw defendant Sid, he complaint to him of the  severe pain due to the restraints.  Plaintiff claims that he also complained of severe pain repeatedly to the correctional officers who were observing him, but that no one acted to alleviate his suffering.  (Id. at 3B.)  Due to the restraints, plaintiff was forced to sleep on his sides with his arms chained to his sides, which caused constant and severe pain in his shoulders.  (Id.)  Plaintiff alleges that he has suffered pain in his neck and shoulder ever since the six days he was kept in restraints in October 2007.

1  On January 27, 2009, after complaining of pain in his neck and left shoulder, plaintiff was given a CT scan. (Id.) Plaintiff claims that the CT scan showed "degenerative changes of the left uncinate process at C5-C6, creating marked left foraminal narrowing... [which] may contribute to left shoulder pain." (Id. at 3C; Ex. G.) Plaintiff alleges that the pain in his neck and shoulder was caused by being left in leg irons and waist restraints for six days in October 2007, during which time he was forced to sleep on his sides with his arms chained to his sides. (Id.) Plaintiff alleges that the restraints were only used "as a means to punish him as medical staff told custody staff that plaintiff cut himself as a means to get to an outside hospital." (Id.)  Liberally construed, plaintiff's claim is cognizable under § 1983 as a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993).

Plaintiff alleges that approximately 20 "John Doe" correctional officers are responsible for failing to alleviate his suffering during the six days he was in restraints. (Compl. 3.) Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identify of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identifies or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquze v. Senko, 643 F. Supp. 1172, 1180 (N. D. Cal. 1986). Accordingly, the 20 John Doe defendants are DISMISSED from this action. If through discovery plaintiff is able to identify the unknown defendants, he may then motion the Court for leave to amend to name the intended defendants and to issue summons upon them. See Gillespie, 629 F.2d at 642; Barsten v. Dep't of the Interior, 896 F.2d 422, 423-24 (9th Cir. 1990).

///

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The 20 "John Doe" defendants are DISMISSED without prejudice from this action for the reasons stated above.

2. The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy of this order upon **defendants Dr. Randy Sid and Registered Nurse Leslie** at **Salinas Valley State Prison**.

3. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

   a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

   a. In the event the defendants file an unenumerated motion to dismiss

under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.    In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

     5.     Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

     6.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

     7.     All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

     8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

     9.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     10.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: May 24, 2010

JAMES WARE  
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH LANE DURSMA,

        Plaintiff,

  v.

RANDY SID, et al.,

        Defendants.
        _____/

Case Number: CV10-01038 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   5/27/20110  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph Dursma P 12992
Mule Creek State Prison
P. O. Box 409099
Ione, CA 95640

Dated:   5/27/2010

                       Richard W. Wieking, Clerk
          /s/ By: Elizabeth Garcia, Deputy Clerk